IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE BUILDING GROUP, LLC, RONALD HIGHTOWER, JANET HIGHTOWER, CHRISTOPHER D. GRAY, SARAH GRAY, JEFFERY M. GUERRERO, and GENEDINE GUERRERO,<br><br>    Defendants. | CIVIL ACTION<br>No. 1:09-CV-0730-GET |

ANSWER AND DEFENSES OF
CHRISTOPHER D. GRAY AND SARAH GRAY AND
CROSS-CLAIM AGAINST DEFENDANTS
RONALD HIGHTOWER, JANET HIGHTOWER,
<u>JEFFERY M. GUERRERO AND GENEDINE GUERRERO</u>

Defendants Christopher D. Gray and Sarah Gray (collectively, the "Gray Defendants") hereby submit their Answer and Defenses to the Complaint filed by Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff"), and shows the Court as follows:

### First Defense

Plaintiff's Complaint fails to state a cause of action against the Gray Defendants upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

### Third Defense

Plaintiff's claims against the Gray Defendants fail because no act or omission of the Gray Defendants caused Plaintiff's alleged losses.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of waiver, ratification, and estoppel.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of laches.

### Sixth Defense

The Gray Defendants respond to the numbered allegations of Plaintiff's Complaint as follows:

## Jurisdictional Allegations

1.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 1.

2.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 2.

3.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 3.

4.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 4.

5.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 5.

6.

The Gray Defendants admit the allegations of Paragraph No. 6.

7.

The Gray Defendants admit the allegations of Paragraph 7.

8.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 8.

9.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 9.

10.

The Gray Defendants do not object to the subject matter jurisdiction of this Court.

**Background**

11.

The Gray Defendants incorporate by reference their responses to Paragraph Nos. 1 through 10 of the Complaint as if fully set forth herein.

12.

The Gray Defendants admit the allegations of Paragraph 12.

13.

The allegations of Paragraph No. 13 appear to be derived from documents that speak for themselves, and the Gray Defendants deny the allegations of Paragraph No. 13 to the extent they fail to characterize those documents accurately.

14.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 14.

15.

The Gray Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 15.

### Response to Count I
### Breach of Contract

16.

The Gray Defendants incorporate by reference their responses to Paragraph Nos. 1 through 15 of the Complaint as if fully set forth herein.

17.

The Gray Defendants admit the allegations of Paragraph 17.

18.

The Gray Defendants deny the allegations of Paragraph 18 to the extent they relate to them.

19.

The Gray Defendants deny the allegations of Paragraph 19 to the extent they relate to them.

20.

The Gray Defendants deny the allegations of Paragraph 20 to the extent they relate to them.

### **Response to Count II**
### **Attorney's Fees**

21.

The Gray Defendants incorporate by reference their responses to Paragraph Nos. 1 through 20 of the Complaint as if fully set forth herein.

22.

The allegations of Paragraph No. 22 appear to be derived from documents that speak for themselves, and the Gray Defendants deny the allegations of Paragraph No. 22 to the extent they fail to characterize those documents accurately.

23.

The Gray Defendants state that a response to the first sentence of Paragraph 23 is not deemed necessary. By way of further response, the Gray Defendants deny the allegations contained in the second sentence of Paragraph 23.

\* \* \*

Any allegation of the Complaint not specifically admitted in Paragraphs 1 through 23 above is hereby denied.

WHEREFORE, the Gray Defendants request that the Court dismiss with prejudice all claims against the Gray Defendants, award costs to the Gray Defendants, and award all such other and further relief as is just and proper.

### CROSS-CLAIM AGAINST DEFENDANTS RONALD HIGHTOWER, JANET HIGHTOWER, JEFFERY M. GUERRERO AND GENEDINE GUERRERO

Pursuant to Federal Rule of Civil Procedure 13(g), Defendants Christopher D. Gray and Sarah Gray (the "Gray Defendants"), Plaintiffs-in-Crossclaim, hereby file this crossclaim against Defendants Ronald Hightower, Janet Hightower, Jeffery M. Guerrero and Genedine Guerrero (collectively, "Defendants-in-Crossclaim") and allege as follows:

1.

The Gray Defendants state that they are residents of the State of Georgia.

2.

Upon information and belief, Defendant-in-Crossclaim Ronald Hightower is a Georgia resident and is subject to the jurisdiction of this Court.

3.

Upon information and belief, Defendant-in-Crossclaim Janet Hightower is a Georgia resident and is subject to the jurisdiction of this Court.

4.

Upon information and belief, Defendant-in-Crossclaim Jeffery M. Guerrero is a Georgia resident and is subject to the jurisdiction of this Court.

5.

Upon information and belief, Defendant-in-Crossclaim Genedine Guerrero is a Georgia resident and is subject to the jurisdiction of this Court.

6.

Jurisdiction and venue for this crossclaim are proper in this Court.

7.

Plaintiff alleges that on April 18, 2003, the Defendants-in-Crossclaim, along with the Gray Defendants, executed a General Agreement of Indemnity (the "indemnity agreement") for the benefit Travelers Casualty and Surety Company of America ("Plaintiff") to induce Plaintiff would issue payment and performance bonds on behalf of Chase Building Group, LLC in connection with its business as a construction contractor.

8.

Plaintiff alleges that under the indemnity agreement, the Gray Defendants and the Defendants-in-Crossclaim jointly and severally agreed to "indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, Bond premium, suit, judgment, attorney's fee, and expense which the

Company incurs in consequence of having obligations in connection with such Bonds."

9.

Plaintiff alleges that in reliance of the indemnity agreement, Plaintiff issued payment and performance bonds (the "bonds") on behalf of Chase Building Group, LLC.

10.

Plaintiff alleges that as a result of its execution of the bonds, Plaintiff paid numerous bond claimants and has sustained losses in the amount of $117,496.30 in connection with its obligations under the bonds.

11.

Pursuant to the indemnity agreement, Plaintiff has brought suit against the Gray Defendants and Defendants-in-Crossclaim for breach of contract and attorney's fees for Plaintiff's alleged loss as described in Paragraph 10 above.

12.

All the payments made by Plaintiff to bond claimants and the losses sustained by Plaintiff were caused by the failure to perform obligations owed to Chase Building Group, LLC by Ronald Hightower and Janet Hightower and the improper misappropriation of funds by Ronald Hightower and Janet Hightower.

## **Count I - Contribution and Indemnity**

13.

The Gray Defendants reallege and reassert Paragraphs 1 through 12 of this crossclaim as if fully set forth herein.

14.

Plaintiff has asserted claims against the Gray Defendants in this action based on the indemnity agreement and Plaintiff's alleged payment of numerous payment and performance bond claimants in the amount of $ 117,496.30.

15.

The Gray Defendants deny that they are liable to Plaintiff in any respect. If, however, this Court should find the Gray Defendants liable to Plaintiff for any amount of damages in this action, Ronald Hightower and Janet Hightower are liable to the Gray Defendants for the entire amount that the Gray Defendants are directed to pay Plaintiff due to their misconduct, as alleged in Paragraph 12 above.

16.

The Gray Defendants deny that they are liable to Plaintiff in any respect. If, however, this Court should find the Gray Defendants liable to Plaintiff for any amount of damages in this action, Jeffery M. Guerrero and Genedine Guerrero are liable to the Gray Defendants for any amount over their pro-rata share that the Gray Defendants are directed to pay Plaintiff.

WHEREFORE, the Gray Defendants pray for the following relief:

(a) Plaintiff's claims against the Gray Defendants be dismissed with prejudice, with all costs, including the Gray Defendants' reasonable attorneys' fees, assessed against Defendants Ronald Hightower, Janet Hightower, Jeffery M. Guerrero and Genedine Guerrero;

(b) That, pursuant to Count I of the cross-claims, the Court enter judgment in favor of the Gray Defendants and against Defendants Ronald Hightower, Janet Hightower, Jeffery M. Guerrero and Genedine Guerrero;

(c) That the Gray Defendants be awarded its expenses of litigation, including reasonable attorneys' fees and costs incurred in defending this action and asserting its cross-claims; and

(d) That the Gray Defendants have such other and further relief as is just and proper.

Respectfully submitted this 22nd day of May, 2009.

<div style="display:flex">
<div>
1500 Marquis Two Tower  
285 Peachtree Center Ave., N.E.  
Atlanta, Georgia 30303  
Telephone: (404) 523-5300  
Facsimile: (404) 522-8409
</div>
<div>
PARKER HUDSON RAINER & DOBBS LLP

By: /s/ Angelica Saavedra  
    J. Marbury Rainer  
    Georgia Bar No. 592225  
    mrainer@phrd.com  
    Angelica Saavedra  
    Georgia Bar No. 899708  
    asaavedra@phrd.com

Attorneys for Christopher D. Gray and Sarah Gray
</div>
</div>

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2009, I electronically filed the foregoing **ANSWER AND DEFENSES OF CHRISTOPHER D. GRAY AND SARAH GRAY AND CROSS-CLAIM AGAINST DEFENDANTS RONALD HIGHTOWER, JANET HIGHTOWER, JEFFERY M. GUERRERO AND GENEDINE GUERRERO** by U.S. Mail to the following non-CM-ECF participants and with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

L. David McCollum
mccollum@og-law.com

Ronald Hightower
1436 Markan Drive
Atlanta, Georgia 30306

Janet Hightower
1436 Markan Drive
Atlanta, Georgia 30306

Jeffery M. Guerrero
710 Walnut Street
Marietta, Georgia 30064

Genedine Guerrero
710 Walnut Street
Marietta, Georgia 30064

This 22nd day of May, 2009.

/s/ Angelica Saavedra /s/
Angelica Saavedra

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404) 523-5300 (telephone)
(404) 420-5549 (facsimile)
asaavedra@phrd.com

1163209_1